**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

NOV 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARIEF KURNIADI JACOBSON, | No. 13-70138 |
| Petitioner, | |
| v. | Agency No. A098-267-268 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

| | |
|---|---|
| ARIEF KURNIADI JACOBSON, | No. 13-74106 |
| Petitioner, | |
| v. | Agency No. A098-267-268 |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Submitted November 20, 2015[**]
San Francisco, California

Before: M. SMITH and N.R. SMITH, Circuit Judges, and SCHEINDLIN,[***] Senior District Judge.

Arief Kurniadi Jacobson, native and citizen of Indonesia, petitions for review of the decision by the Board of Immigration Appeals ("BIA") (1) affirming the immigration judge's ("IJ") decision denying Jacobson's motion to reopen his asylum claim, and (2) denying his motion to reopen or reconsider the denial of withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petitions for review.[2]

1.  The BIA did not abuse its discretion in denying Jacobson's motion to reopen his asylum claim. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003)

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Shira Ann Scheindlin, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

[1] Jacobson also argues in his opening brief that the BIA erred in denying him relief under the Convention Against Torture. We lack jurisdiction over this issue, because Jacobson did not exhaust this claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

[2] We do not address Case No. 13-70138 because it is moot. The only issue raised in Case No. 13-70138 was the failure of the BIA to reissue a final order of removal. The BIA reissued its March 24, 2011 final order, which order was appealed (Case No. 13-74106).

(petitioner must show prejudice to prevail on an ineffective assistance of counsel claim). Jacobson did not file his asylum application until October 2006—one year following his change in immigration status. Jacobson alleges this delay was caused by his attorney's ineffective assistance of counsel. Jacobson asserts that, but for his counsel's error, the application would have been filed in July 2006. The BIA concluded that any failure of his prior counsel was not prejudicial, because the delay (whether it be nine or twelve months) was unreasonable.

The conclusion that a nine-month delay was unreasonable was not an abuse of discretion. *See Wakkary v. Holder*, 558 F.3d 1049, 1057-58 (9th Cir. 2009). First, Jacobson's allegations of changed circumstances or extraordinary circumstances were all known to him by October 2005. Second, Jacobson never provided any explanation why he failed to apply for asylum within a reasonable period after learning of these circumstances.

2.    The BIA did not abuse its discretion in denying Jacobson's motion to reopen or reconsider his withholding of removal claim because he was a member of a disfavored group. *See Wakkary*, 558 F.3d at 1066 ("An applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant . . . ."). Jacobson is a member of a disfavored group in Indonesia. *See id*. at 1053.

However, absent some evidence Jacobson was individually targeted, membership in a disfavored group is not enough. *Id*. at 1066. The BIA concluded that Jacobson did not produce sufficient evidence of an individualized risk. Rather, most of the harm to which Jacobson testified was a result of general violence and not targeted at either Jacobson or his family. Although Jacobson suffered one incident of individualized harm when he was ten, that incident alone does not suffice for the quantum of evidence necessary to show that his "predicament [was] appreciably different from the dangers faced by [his] fellow [Indonesians]." *Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998) (quoting *Kotasz v. INS*, 31 F.3d 847, 852 (9th Cir. 1994)).

**PETITIONS FOR REVIEW DENIED.**